IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY J. GILBERT, #371379              *
                    Plaintiff,
        v.                              *   CIVIL ACTION NO. ELH-13-531

BON SECOURS HEALTH SYSTEM,              *
  DEPARTMENT OF PATHOLOGY
                    Defendant.          *

                                       ***

## MEMORANDUM

This prisoner civil rights action was recently filed by Anthony Gilbert, plaintiff, who is self-represented, pursuant to 42 U.S.C. § 1983.  Plaintiff, an inmate at the Jessup Pre-Release Unit, seeks compensation for "permanent damages" allegedly suffered by him as a result of surgery performed on his hand at Bon Secours Hospital ("BSH") on May 17, 2012.  At that time, plaintiff had a procedure conducted on his left hand, called a "Palmar Fasciectomy,"[1] including a "neurolysis of distal nerves of the fourth and fifth fingers."  ECF 1.  He contends that the surgery was not

---

[1] Palmar Fasciectomy is the most widely accepted surgery for Dupuytren's disease. Dupuytren's disease, also called Dupuytren's contracture, is a progressive condition that causes the fingers to bend toward the palm at the first or second joint.  Unusual cords and knots of tissue form in the fascia that holds the palm skin in place. The unusual tissue reduces the patient's ability to straighten fingers and use the hand normally.  The medical term for this bending is "flexion contracture;" flexion means bending and contracture means thickening or shortening.  The fingers most often affected are the small and ring fingers.  The thumb is affected less often.

During the Palmar Fasciectomy, the surgeon removes the abnormal Dupuytren's tissue from the palm and affected fingers.  This can involve a number of incisions, depending on the surgeon's preferred approach. At the end of the operation, all of the incisions might be sutured closed or some might be left open to allow drainage.  *See* www.uwmedicine.org/patient-care/our...and.../articleview.aspx?...

successful, as the finger has returned to the position it was in before surgery and he now has problems with his left thumb.  Thus, plaintiff claims he needs to see a hand specialist.

Because plaintiff appears indigent, his motion to proceed in forma pauperis shall be granted. Although the court has liberally construed plaintiff's submissions, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), his suit shall be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitution right or a right secured by federal law.  *See Baker v. McCollan*, 443 U.S. 137 (1979). Plaintiff has named BSH as the sole defendant.  A civil rights complaint under 42 U.S.C. § 1983 may lie only against those acting under color of state law.  *See Wyatt v. Cole*, 501 U.S. 158, 161 (1992); *West v. Atkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-30, 935-37 (1982).  This is a threshold requirement.  Because a private hospital and its specialty departments of medicine do not act under color of state law, plaintiff may not maintain a § 1983 action against BSH.

If it was plaintiff's intention to sue defendant under a theory of medical malpractice with regard to injury caused by the alleged ineffective surgery, his claim fares no better.  This court possesses limited original jurisdiction.  It does not sit to review every claim related to alleged tortious conduct involving non-federal parties.  Rather, it has authority to review such claims based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).  When a party seeks to invoke diversity jurisdiction, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

2

The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Both parties appear to be citizens of Maryland. Therefore, diversity is not complete, and the complaint, on its face, does not satisfy diversity of citizenship requirements.

To the extent that plaintiff claims medical negligence with regard to the procedure performed at BSH, his allegations are not reviewable by this court under the Eighth Amendment, because negligence is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon,* 474 U.S.344, 347-48 (1986); *Daniels v. Williams,* 474 U.S. 327, 333-34 (1986); *Estelle v. Gamble ,* 429 U.S. 97,  106 (1976). Moreover, prior to bringing a medical malpractice claim, plaintiff must comply with the requirements of Maryland's Health Care Malpractice Claims Act ("HCMCA"). *See* Md. Code (2006 Repl. Vol. 2012 Supp.), § 3-2A-01 of the Courts and Judicial Proceedings Article ("C.J."). Of import here, he must exhaust his medical malpractice claim before the Maryland Health Claims Alternative Dispute Resolution Office as a condition precedent to any judicial action. *See* C.J. § 3-2A-02. *See also Carroll v. Konits*, 400 Md. 167, 172 (2007). This exhaustion requirement applies to claims of medical malpractice filed in federal courts. *See Davison v. Sinai Hospital of Baltimore, Inc.,* 462 F. Supp. 778, 779-81 (D. Md. 1978*)*; *Lewis v. Waletzky*, 576 F. Supp. 732, 736-387 (D. Md. 1978). Accordingly, plaintiff's medical malpractice claim shall be dismissed, without prejudice. *See, e.g. Octopi v. McGowan*, 294 Md. 83, 447 A.2d 860, 864-65 (Md. 1982) (holding that the condition precedent of exhaustion does not take away the subject matter jurisdiction of a state circuit

court to hear and render judgments in cases involving claims that fall within the Health Care Malpractice Claims Act).

In the absence of naming a defendant subject to § 1983 liability or setting out a viable claim under § 1983, suit shall be dismissed, pursuant to 28 U.S.C. § 1915(e),[2] without requiring service of process on defendant.  A separate Order shall be entered reflecting the opinion set out herein.


Date: February 26, 2013                              _____/s/_____

                                                     Ellen Lipton Hollander
                                                     United States District Judge

---

[2]  28 U.S.C. § 1915(e)(2) states:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)   the allegation of poverty is untrue; or
    (B)   the action or appeal--
          (i)   is frivolous or malicious;
          (ii)  fails to state a claim on which relief may be granted; or
          (iii) seeks monetary relief against a defendant who is immune
                from such relief.